# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DELOIS M. EVERETT**                                                                 **PLAINTIFF**

**V.**                                                                        **CASE NO. 3:08CV34**

**CENTRAL MISSISSIPPI, INC.**
**HEAD START PROGRAM**                                                                **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[44]** of Defendant, Central Mississippi, Inc. Head Start Program, seeking summary judgment, pursuant to FED. R. CIV. P. 12 and 56. Plaintiff Delois Everett has responded in opposition to the motion, and the court having considered the submissions of the parties, finds that the motion should be granted.

Plaintiff alleges that while she was working for Central Mississippi in May 2007, her immediate supervisor resigned. The employee promoted to replace the supervisor was Beverly Forest. Plaintiff, who is forty-five, asserts that Ms. Forest was about three years younger and far less qualified than Plaintiff. Forest and Everett had worked at Central Mississippi approximately the same length of time.

Plaintiff filed the instant action and has since clarified that she is alleging a violation of The Age Discrimination in Employment Act and retaliation for filing a complaint with the Equal Employment Opportunity Commission. Everett filed a complaint against Central Mississippi in November 2007 and again in January 2009. Everett alleges that Central Mississippi then began a pattern of harassment in the form of disciplinary actions against her.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

The Age Discrimination in Employment Act provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Recently, the United States Supreme Court has interpreted the evidentiary standard for ADEA claims. *Gross v. FBL Financial Servs., Inc.*, 129 S. Ct. 2343, 174 L. Ed. 119 (2009). The *Gross* Court held that the Plaintiff "must prove by a preponderance of the evidence that age was the 'but-for' cause of the challenged employer decision." *Id.* at 2347. Further, "[t]he burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2348.

Thus, Everett has the burden to demonstrate that Central Mississippi took adverse action against her because of her age and that age was the reason it decided to act. In viewing the evidence in light most favorable to the Plaintiff, Everett cannot establish that her age was the but-for cause of her lack of a promotion. There is simply no evidence suggesting that Central Mississippi passed her over for this reason other than Plaintiff's observation that employees serving at the administrative level were younger. In fact, the employee that Central Mississippi hired for the supervisory position was a mere three years younger than Plaintiff, and certainly within her age range. Everett testified that an older employee in her seventies or eighties was ridiculed because of her age. This singular employee is clearly much older than Everett, and Everett does not allege that she was the brunt of any age-based humiliation. For these reasons, Plaintiff fails to establish a claim for employment discrimination.

Everett has also asserted a claim for retaliation for lodging a complaint with the EEOC. To prevail on this claim, Plaintiff must establish (1) she engaged in an activity protected by Title VII or the ADEA; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

Plaintiff clearly meets the first element, as she filed a complaint with the EEOC. Everett alleges that after she filed her complaint, Central Mississippi began a pattern of harassment in the form of disciplinary actions against her. The Fifth Circuit recognizes that "[t]he ADEA anti-retaliation provision is related to the anti-retaliation provision of Title VII, and cases interpreting the latter provision are frequently relied upon in interpreting the former." *Shirley v. Chrysler First, Inc.*, 970 F.3d 39, 42, n.5 (5th Cir. 1992). An act of retaliation is actionable if "a

3

reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 165 L. Ed.2d 345 (2006).

Plaintiff was previously reprimanded for insubordination prior to her filing of a complaint with the EEOC. Central Mississippi disciplined Everett subsequent to her filing, however, there is no evidence to suggest that the complaint was the causal link in Everett receiving further reprimands. Central Mississippi outlined specific conduct giving rise to each disciplinary action, including tardiness and absenteeism. Further, Central Mississippi's actions did not dissuade Everett from making a charge of discrimination. In fact, she filed another complaint with the EEOC after the alleged harassment began. Plaintiff has failed to present a *prima facie* case for retaliation.

For these reasons, Defendant's motion **[44]** for summary judgment is **GRANTED.**

This the 30th day of September, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**